United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-03751-HWV |
| Jose A. Matos | Chapter 13 |
| Kelly M. Matos | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0314-1 | User: AutoDocke | Page 1 of 2 |
| Date Rcvd: May 03, 2022 | Form ID: pdf010 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol**  **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 05, 2022:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 5266079 | + Email/Text: bankruptcydpt@mcmcg.com | May 03 2022 18:46:00 | Midland Funding LLC, PO Box 2011, Warren, MI 48090-2011 |
| 5242296 | + Email/PDF: OGCRegionIIIBankruptcy@hud.gov | May 03 2022 18:49:41 | U.S. Department of Housing and Urba, 451 7th Street S.W., Washington, DC 20410-0001 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: May 05, 2022 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 3, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew L Spivack | on behalf of Creditor Freedom Mortgage Corporation andrew.spivack@brockandscott.com wbecf@brockandscott.com |
| Brian Nicholas | on behalf of Creditor Freedom Mortgage Corporation bnicholas@kmllawgroup.com |
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| John Matthew Hyams | |

| | |
|---|---|
| John Matthew Hyams | on behalf of Debtor 1 Jose A. Matos jmh@johnhyamslaw.com acb@johnhyamslaw.com;hyamsjr90415@notify.bestcase.com |
| | on behalf of Debtor 2 Kelly M. Matos jmh@johnhyamslaw.com acb@johnhyamslaw.com;hyamsjr90415@notify.bestcase.com |
| Lauren Marie Moyer | on behalf of Creditor Rushmore Loan Management Services LLC as Servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V lmoyer@friedmanvartolo.com, ecfmail@ecf.courtdrive.com |
| Mario J. Hanyon | on behalf of Creditor Freedom Mortgage Corporation wbecf@brockandscott.com mario.hanyon@brockandscott.com |
| Rebecca Ann Solarz | on behalf of Creditor Freedom Mortgage Corporation bkgroup@kmllawgroup.com |
| Robert Joseph Davidow | on behalf of Creditor Freedom Mortgage Corporation r.davidow@mgplaw.com |
| Thomas Song | on behalf of Creditor Freedom Mortgage Corporation tomysong0@gmail.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 11

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| Jose A. Matos | : | |
| Kelly M. Matos | : | |
|     Debtors | : | |
| | : | CASE NO. 1:19-bk-03751-HWV |
| Jose A. Matos | : | |
| Kelly M. Matos | : | |
|     Movants | : | |
| | : | |
| v. | : | |
| U.S. Department of Housing | : | |
| and Urban Development | : | |
| U.S. Bank National Association | : | |
| c/o Rushmore Loan Management Services | : | |
| Midland Funding, LLC | : | |
| Jack N. Zaharopoulos, Trustee | : | |
|     Respondents | : | |

**ORDER APPROVING SALE OF REAL PROPERTY**
**FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**
**AND APPROVING DISTRIBUTION OF PROCEEDS**
**PURSUANT TO 11 U.S.C. 363(f)**

The Motion of the Debtors, Jose A. Matos and Kelly M. Matos, to Approve the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances and Approving Distribution of Proceeds ("Motion") having come this day before the Court, and following notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interest of the Debtors and their estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable, it is

    HEREBY ORDERED that:

    1. Jose A. Matos and Kelly M. Matos, Debtors herein, are authorized to sell the Real Property located at and known as 312 Lamp Post Ln. Etters, York County, Pennsylvania (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtors, as Sellers, and Ryan E. Clarke and Katybeth A. Clarke as Buyers, (the "Agreement") and as set forth in the Motion. Such sale shall be Ryan E. Clarke and Katybeth A. Clarke for the total consideration of $449,900.00.

    2. The sale of the Real Property shall be free and clear of all liens, claims and encumbrances, except for easements and rights of way of record as may exist upon or under

such Real Property. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order.

3. The sale shall be free and clear of all real estate taxes and such other allowed claims, subject to the distribution set forth in this Order and payments of such real estate taxes.

4. The distribution of the funds generated by the sale of the Real Property shall be as follows:

   a. Any notarization or incidental recording fees required to be paid by the Debtors, as Sellers.
   b. Payment of the costs and expenses involved with the sale of the Real Property as set forth in the Agreement for Sale.
   c. Any costs associated with the preparation of the deed, processing fees, and normal services with respect to closing to be paid by Debtors, as Sellers.
   d. Closing costs and expenses to be paid in accordance with the terms of the Agreement for Sale and any addendums to the said Agreement for Sale.
   e. Settlement fees, tax certifications, and overnight/express mail charges, if any, required to be paid by Debtors, as Sellers.
   f. Attorney's fees in an amount of $3,500.00 payable to the Law Offices of John Hyams, payable on account of services in connection with this sale. Such fees shall be held in escrow by Debtors' counsel pending approval of a related fee application.
   g. Realty transfer tax, if any, required to be paid by Debtors, as Sellers.
   h. Real estate commission of four and one-half percent (4.5%) of the total sales consideration + $295.00 for services rendered to Seller by Howard Hanna Company-Harrisburg in the connection with this sale.
   i. Any present or past due real estate taxes owed on the Real Property, prorated to the date of sale.
   j. Providing for payment to be paid to U.S. Bank National Association c/o Rushmore Loan Management Services will be paid in full at closing, by the title company, pursuant to a proper payoff statement, and that any short-sale must be approved by Respondent.
   k. Providing for payment to be paid to U.S. Department of Housing and Urban Development will be paid in full at closing, by the title company, pursuant to a proper payoff statement, and that any short-sale must be approved by Respondent.
   l. Providing for payment to Debtors not to exceed Debtors' exemptions provided by 11 U.S.C. 522(d).
   m. Providing for payment to the Standing Chapter 13 Trustee Jack Zaharopoulos in the amount of $23,802.07.

5. The Debtors are empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr.P. Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtors with certified copies of this Order, as are necessary to be recorded in the Recorder of Deeds Offices of York County, Pennsylvania.

By the Court,

Henry W. Van Eck, Chief Bankruptcy Judge
Dated: May 3, 2022